**In the Matter of Robert S. PARTENHEIMER, Petitioner.**

No. 26S00–0201–DI–73.

Supreme Court of Indiana.

Feb. 29, 2008.

*ORDER GRANTING CONDITIONAL REINSTATEMENT*

On June 20, 2003, this Court suspended Petitioner for twelve months without automatic reinstatement, with credit for time spent under a *pendente lite* suspension. The suspension was based on his guilty plea to possession of more than 30 grams of marijuana, a class D felony. Petitioner filed a petition for reinstatement on October 24, 2003. On December 13, 2007, the Indiana Supreme Court Disciplinary Commission, pursuant to Indiana Admission and Discipline Rule 23(18)(b), filed its recommendation that Petitioner be reinstated to the practice of law in this State.

A petition for reinstatement may be granted only if the petitioner proves to the Commission by clear and convincing evidence that:

(1) The petitioner desires in good faith to obtain restoration of his [or her] privilege to practice law;

(2) The petitioner has not practiced law in this State or attempted to do so since he or she was disciplined;

(3) The petitioner has complied fully with the terms of the order for discipline;

(4) The petitioner's attitude towards the misconduct for which he or she was disciplined is one of genuine remorse;

(5) The petitioner's conduct since the discipline was imposed has been exemplary and above reproach;

(6) The petitioner has a proper understanding of and attitude towards the standards that are imposed upon members of the bar and will conduct himself or herself in conformity with such standards;

(7) The petitioner can safely be recommended to the legal profession, the courts and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence, and in general to aid in the administration of justice as a member of the bar and an officer of the Courts;

(8) The disability has been removed, if the discipline was imposed by reason of physical or mental illness or infirmity, or for use of or addiction to intoxicants or drugs;

(9) The petitioner has taken the Multistate Professional Responsibility Examination (MPRE) within six (6) months before or after the date the petition for reinstatement is filed and passed with a scaled score of eighty (80) [or above].

Admis. Disc. R. 23(4)(b).

This Court, being duly advised, finds that the recommendation of the Disciplinary Commission that Petitioner be reinstated should be accepted, but that reinstatement be subject to the following condition: **Petitioner shall be conditionally reinstated as a member of the bar of this State and placed on probation for a period of 24 months during which he must remain compliant with his monitoring agreement with the Judges and Lawyers Assistance Program ("JLAP").** However, the Court notes with concern that Petitioner violated on several occasions the terms of a 2003 JLAP monitoring agreement. **Any noncompliance with his current JLAP monitoring agreement shall be grounds for revocation of probation.** Upon expiration of the probationary period, Petitioner may submit a petition for release from probation provided he has fully complied with the terms of his probation.

IT IS, THEREFORE, ORDERED that the petition for reinstatement of Petitioner is hereby granted and that Petitioner is conditionally reinstated as a member of the bar of this State subject to the terms of probation stated above.

The Court directs the Clerk to forward a copy of this Order to the hearing officer, to Petitioner or Petitioner's attorney, and to the Indiana Supreme Court Disciplinary Commission.

All Justices concur.